# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNE IMPERATI, as Administrator | : | 3:18-CV-1847(RNC) |
| of the Estate of William Bennett | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, | : | OCTOBER 22, 2024 |
| *Defendant* | : | |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY (ECF NO. 234)

The Defendant, former Commissioner Semple, hereby objects to Plaintiff's motion to reopen discovery, (ECF No. 234). Plaintiff's motion should be denied for several reasons. For one, Plaintiff has entered into a settlement agreement resolving all discovery disputes in this case, precluding her from moving to reopen discovery. Plaintiff released all claims of discovery disputes in exchange for a settlement in this matter and may not renege on this agreement. For that reason alone, this Court should deny Plaintiff's motion to reopen.

Even setting aside the settlement agreement, Plaintiff has failed to demonstrate that good cause exists to reopen discovery almost *five years* after discovery closed, during the midst of supplemental briefing on summary judgment, and only after Semple has already laid out his entire argument on summary judgment. Plaintiff simply seeks to take three depositions she was perfectly capable of taking during the lengthy discovery period in this case but chose not to. While she nominally claims that emails recently produced pursuant to the Court's orders mandates reopening of discovery, in actuality Plaintiff only seeks to ask questions that she could have asked years ago but chose not to, simply because she "harbors reservations" about the undisputed evidence at summary judgment. (ECF No. 234, p. 6). Plaintiff's counsel's failure to identify appropriate deponents and take all necessary depositions during discovery does not amount to good cause,

particularly where the motion to reopen is opposed, reopening discovery will severely prejudice the Defendant, and where there is unlikely to be any material evidence gained from such depositions.  For all these reasons, Defendant respectfully requests that the Court deny Plaintiff's extremely untimely and inappropriate motion to reopen discovery.

## I.     ARGUMENT

### A.  Plaintiff released all discovery disputes in a settlement agreement and is therefore precluded from raising new discovery disputes or seeking to reopen discovery.

On November 3, 2023, the parties entered into a settlement agreement to "compromise and settle any and all discovery disputes" in the instant action.  *See* (Exhibit ("Ex.") A, p. 1).  In this agreement, the Defendant agreed to pay to Plaintiff the amount of twenty-two thousand dollars ($22,000.00) in exchange for a release of all discovery disputes by the Plaintiff. (*Id*.).  Specifically, Plaintiff agreed to "release and forever discharge the following: Scott Semple, Cary Freston, Linda Oeser, Cynthia L'Heureux, the State of Connecticut, and any and all present and former officials, employees, or agents of the State of Connecticut, their heirs, successors, and assigns *from any discovery disputes* or motions pursuant to Federal Rule of Civil Procedure 37; motions for costs, sanctions, fees, or spoliation, which Ms. Imperati, her agents, heirs, successors, and assigns ever had, now have or hereafter can, shall, or may have, including any acts arising out of, or in any way related to the incidents or circumstances which formed the basis for the Suit, and any actions taken in litigating the Suit."  (*Id*. at 2) (emphasis added).  Plaintiff has, therefore, released her right to raise any new "discovery disputes" including disputes about whether discovery may be reopened and whether she may take depositions that she could have taken years ago.

"A settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v. Omnicom,* 497 F.3d 124, 128 (2d Cir. 2007) (citing *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005)).  The parties here entered into a settlement agreement voluntarily and unequivocally in writing.  (Ex. A).  Plaintiff here did not agree to this

under any form of duress.  *See Cavelli v. N.Y.C. Dist. Council of Carpenters*, 816 F. Supp. 2d 153, 161-62 (E.D.N.Y. 2011).  She knowingly released any and all discovery disputes she may have had, could have had, or thereafter "can, shall or may have" arising in this action.  (Ex. A, p. 2). Plaintiff could have chosen to proceed with her discovery disputes in the case, renew motions for attorney's fees and costs, or chosen to seek additional discovery.  She chose not to.  Plaintiff instead chose to release all discovery disputes in this case, and she is bound by that choice.  She may not now seek to create a new discovery dispute, as she is barred from doing so by the attached settlement agreement.

Accordingly, this Court should deny Plaintiff's motion to reopen discovery.

**B.  Plaintiff has not demonstrated good cause to reopen discovery.**

Even if Plaintiff had not already bargained away her discovery disputes, she has failed to demonstrate that good cause exists to reopen discovery nearly five years after it closed.

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery."  *Volpe v. Ryder*, No. 19-CV-2236, 2022 U.S. Dist. LEXIS 197692, at *4 (E.D.N.Y. Oct. 31, 2022) (citing *Moroughan v. Cnty. of Suffolk,* 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018)); *see also Mindling v. Stiegler,* No. 22-CV-2711, 2023 U.S. App. LEXIS 31750, at *6-7 (2d Cir. Dec. 1, 2023) (upholding district court's denial of motion to reopen discovery, noting the absence of "good cause to reopen discovery").  "In determining whether to reopen discovery, the Court considers: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence."  *Lebenns v. Frost Prods.*, No. 21-CV-

11155, 2023 U.S. Dist. LEXIS 202308, at *1 (S.D.N.Y. Nov. 9, 2023) (internal quotation marks & citation omitted).  "[A] party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence." *Id.* (internal quotation marks & citation omitted).  The Court "may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery." *Id.*  "In deciding whether to reopen discovery, the 'primary consideration' is 'whether the moving party can demonstrate diligence.'" *Id.* (citation omitted).

Here, Plaintiff has made no showing of good cause to reopen discovery.  Plaintiff seeks, very belatedly, to open discovery nearly five years after it closed.  *See Tatintsian v. Vorotyntsev,* No. 16-cv-7203, 2021 U.S. Dist. LEXIS 15874, at *14-16 (S.D.N.Y. Jan. 27, 2021) (denying pro se party's motion to compel filed six weeks after close of discovery because he had "failed to demonstrate the good cause necessary to modify the [Case Management Plan] to re-open discovery").  Most importantly, though, Plaintiff has failed to demonstrate why she could not have taken the depositions of either Dr. Mauer or APRN Tim Bombard during discovery long ago.  *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp*., 769 F.2d 919, 927 (2d Cir. 1985) (denying additional discovery where party "had ample time in which to pursue the discovery that it now claims is essential"); *Lebenns,* 2023 U.S. Dist. LEXIS 202308, at *20 ("[T]he lack of diligence in timely filing requests for extensions to complete these depositions weighs against reopening discovery."); *Volpe*, 2022 U.S. Dist. LEXIS 197692, at *5 (denying motion to reopen discovery when "there has been more than ample opportunity for discovery"); *Saray Dokum v. MTS Logistics,* 335 F.R.D. 50, 53 (N.D.N.Y. 2020) (denying request to reopen discovery to conduct deposition where there was "a fully adequate opportunity" to do so earlier).  This action was filed in 2018.  Discovery proceeded in this matter from 2018 until late 2020.  Plaintiff had

more than two years to take the deposition of either Dr. Mauer or APRN Bombard but chose not to take their depositions during the allotted time. *Jackson v. Fed. Express,* 766 F.3d 189, 198-199 (2d Cir. 2014) (affirming denial to reopen discovery where pro se party "had seven months to conduct discovery" and "scheduled time for discovery was over").

Further, Plaintiff could have easily deduced that these depositions might have been relevant, and that she should take them, during discovery. Plaintiff seems to imply that she could not take these depositions until she became aware of newly disclosed emails, but this is disingenuous at best. Plaintiff took depositions of all three medical Defendants and Commissioner Semple. Semple mentioned both Dr. Mauer and APRN Bombard repeatedly during his deposition. APRN Bombard and Dr. Mauer's emails were produced in substantial volume during discovery— literally thousands of emails were produced that either reference them or were authored by them. There was nothing precluding Plaintiff from inquiring into Bombard and Mauer's involvement in this action before now, or during discovery, when she had ample opportunity to take their depositions. Nevertheless, Plaintiff failed to take either of their depositions during discovery despite *sixteen* other depositions being conducted.[1] Plaintiff claims she now needs to take their depositions to ask Dr. Mauer "what she told Semple" about William Bennett. (ECF No. 234, p. 6). There is absolutely no reason Plaintiff could not have asked this question of Dr. Mauer during discovery. Instead, now, after having the benefit of Defendant Semple's briefing and realizing she cannot dispute that Semple did not know of Mr. Bennett before his death, Plaintiff suddenly seeks to correct her oversight and ask questions she easily could have asked during discovery but failed to. Plaintiff's counsel's lack of diligence is not good cause to reopen discovery.

---

[1] Notably, Plaintiff's counsel did take Dr. Mauer's deposition in a related case, and in fact, submitted her transcript in support of her opposition to summary judgment in this matter. *See* (ECF No. 177-21). Plaintiff could have even asked about Bennett during this deposition but chose not to.

Similarly, Plaintiff suggests that she should be able to designate APRN Bombard as a corporate representative. (ECF No. 234, p. 5). Setting aside the fact that the DOC, and not Plaintiff, identifies such witnesses, again, Plaintiff has no explanation for why she could not have noticed a deposition pursuant to F.R.C.P 30(b)(6) during discovery. Plaintiff was also well aware that APRN Bombard and Dr. Mauer were involved in identifying sentinel cases and working closely with Commissioner Semple. Plaintiff had every opportunity to take their depositions and ask about whether they told Commissioner Semple about Bennett but failed to do so. Moreover, as discussed at length at summary judgment, Semple testified that he did not know about Bennett's medical conditions. Plaintiff's counsel knew this at the time he took Semple's deposition. Plaintiff could have easily deposed Mauer and Bombard to assuage her counsel's baseless and ridiculous "reservations" about this. (ECF No. 234, p. 6). Plaintiff's counsel may not wait until well into summary judgment briefing to realize she failed to make every inquiry she should have during discovery and use her counsel's utter lack of diligence to reopen discovery.

Plaintiff has provided no reason whatsoever why she was unable to take either Dr. Mauer or APRN Bombard's depositions during the lengthy period of discovery in this case. This alone is sufficient to demonstrate Plaintiff's counsel's lack of diligence, and this Court should deny the motion on this basis. *See Bakalar v. Vavra,* 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (denying motion to reopen discovery because the alleged newly discovered evidence was "available to Defendants before fact discovery closed"); *Tatintsian*, 2021 U.S. Dist. LEXIS 15874, at *14-16 (finding *pro se* defendants "were not diligent" when they "sat on the discovery dispute until six weeks after the close of fact discovery" before seeking to reopen discovery).

The remaining factors do not weigh in Plaintiff's favor. As to whether these depositions would lead to the discovery of relevant evidence that Plaintiff previously could not have obtained,

they would not.  Plaintiff here presents an extremely flimsy offer of what she believes these individuals may testify to.  Plaintiff's counsel states that he has "reservations" as to Semple's testimony that he did not know about Mr. Bennett.  But his "reservations" are meaningless.  Neither Mauer nor Bombard nor their process in identifying sentinel medical cases are relevant to William Bennett's medical care and Semple's involvement in that care.    Additionally, Defendants vigorously oppose this motion—despite Plaintiff's counsel's failure to inquire into their position, which is another factor favoring denial of Plaintiff's motion.

Moreover, Defendant Semple would be severely prejudiced by the reopening of discovery at this late juncture.  Defendants filed for summary judgment over four years ago, laying out their entire case and defenses for Plaintiff.  Further, Plaintiff waited until Defendant Semple had filed his supplemental brief—learning all his arguments and positions—before sandbagging Defendants and making this request to reopen discovery.  Delaying summary judgment briefing yet again to accommodate reopening of discovery would prejudice Defendants, particularly after Plaintiff has had the benefit of reviewing all Defendant Semple's arguments.  *See Jeannite v. City of N.Y. Dep't of Bldgs.*, No. 09-cv-3464, 2010 U.S. Dist. LEXIS 63435, at *5 (S.D.N.Y. June 21, 2010) ("Although the assigned district judge has not set a trial date, for this action, the defendant has requested a pre-motion conference, seeking leave to move for summary judgment. Under these circumstances, the defendant would be prejudiced by the delay necessitated by reopening discovery.").  The same applies here.

Accordingly, Plaintiff's motion to reopen discovery should be denied.

## II.    CONCLUSION

Plaintiff's incredibly belated and baseless request to reopen discovery should be denied. Plaintiff has released all discovery disputes in this matter, and even setting that aside, Plaintiff has

not demonstrated that the requisite good cause exists to reopen discovery.  Accordingly, for these reasons, the Court should deny Plaintiff's motion to reopen discovery.

> DEFENDANT,
> SEMPLE
>
> WILLIAM TONG
> ATTORNEY GENERAL
>
> BY:    _____/s/_____
> Edward D. Rowley (#ct30701)
> Assistant Attorney General
> 165 Capital Avenue
> Hartford, CT 06106
> Tel: (860) 808-5450
> Fax: (860) 808-5591
> E-Mail: Edward.rowley@ct.gov

## **CERTIFICATION**

I hereby certify that on October 22, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

> _____/s/_____
> Edward D. Rowley
> Assistant Attorney General