UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jeanne Imperati Admistratrix of the Estate of William Bennett : <br> : <br> Plaintiffs : <br> : <br> v. : <br> : <br> Scott Semple; Linda Oeser; : <br> Carey Freston; Cynthia L'Heureux : <br> : <br> all in their individual capacities : <br> : <br> Defendants. : <br> : | 3:18-cv-1847 (RNC) <br><br><br><br><br><br> OCTOBER 29, 2024 |

## PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO MOTION TO RE-OPEN DISCOVERY

Plaintiff Jeanne Imperati, pursuant to Local Rule 7(d), files this reply to Defendant's Objection to Plaintiff's Motion to Discovery (ECF 239, 10/22/24). This reply is timely, as it is filed within 14 days of the objection.

Defendant's attach as Exhibit 1 a settlement agreement that Defendant purports resolves all discovery disputes in this matter. That is not the actual reading of the language of the agreement between the parties.

Defendant Semple mocks Plaintiff for failing to take the deposition of APRN Bombard during the discovery period (ECF 239, p1-2). Yet Defendant Semple knows if Plaintiff did ask about discovery related to CJI report while the discovery appeal was

1

pending (ECF 174), APRN Bombard would have been instructed not to answer questions. Plaintiff would be back in this place.

Plaintiff did not release all discovery disputes. The language of the recitals of the agreement is clear; it was to "settle any and all discovery disputes as provided below that exist." ECF 239-1 at 1. This recital indicates that the Settlement Agreement applies to known discovery disputes that existed at the time of the execution of the Settlement Agreement. Plaintiff did not know at that moment that APRN Bombard

The release in ¶1 makes clear that this release applies to previous motions and Plaintiff will not "renew any discovery related motions." This obviously refers to Plaintiff's multiple motions for sanctions at ECF 125 (8/7/20), ECF 135 (8/24/20), and ECF 145 (9/10/20).

At ECF 132 (8/11/20), Judge Farrish denied the motion at ECF 125 without prejudice to renew. At ECF 197 (3/29/21), Judge Farrish denied the motions at ECF 135 and ECF 145, again, specifically stating "the plaintiff may renew either motion by filing a short statement if her intention to do so under the Motion for Sanctions CM/ECF event.." ECF 197. That is what the renewal language in the Settlement Agreement, ¶1 ECF 239-1 meant to address.

The Settlement release in ¶4 is further limits the discovery disputes to those filed pursuant to Rule 37: "any discovery disputes or motions pursuant to Federal Rule of Civil Procedure 37; motions for costs, sanctions, fees, or spoliation." Id. at 2. Parties reiterated this understanding at the end of ¶4: "This release is limited to any such discovery disputes

2

or motions pursuant to Federal Rule of Civil Procedure 37; motions for costs, sanctions, fees, or spoliation **that could be filed in this Suit only**." (Emphasis in original).

Plaintiff's motion to re-open at ECF 234 is not any motion for costs, sanctions, fees or spoliation, nor is Plaintiff's motion filed under Fed. R. Civ. P. Rule 37, which only deals with when a party fails to make disclosures or cooperate in discovery.

The Settlement Agreement does not contemplate a complete termination of discovery or the pre-emption of Plaintiff's ability to pursue additional materials in discovery. Problematically, should Plaintiff win this motion to open discovery and then APRN Bombard refuses to cooperate, the Settlement Agreement could be read to prevent Plaintiff's from using FRCP Rule 37 to coerce production and cooperation. Given the history of this case, it is predictable that the defendants and their witnesses would hinder production. But, because of the renew language in ¶1 should allow Plaintiff to move forward if discovery is re-opened and documents are withheld.

Parties did not intend the Settlement Agreement to hinder further fact-finding. Parties intended the Agreement to resolve the cost of sanctions levied against Defendant Commissioner Semple for his discovery misconduct. Plaintiff sought about $54,000 in sanctions for Semple's discovery misconduct after intensive motion practice in the summer of 2020. Based on this pressure and pursuit, and then the Court's oral ruling 10/24/23 (ECF 204, ECF 205), Parties entered into this Settlement Agreement.

Defendant Semple paid $22,000.00 to resolve Plaintiff's claims of his previous discovery abuse. The Settlement Agreement certainly did not contemplate that Defendant

3

Semple or witnesses for the DOC could use the Settlement Agreement to preclude future discovery on new issues that had been unknown.

Previous opposing counsel Janelle Mederios indicated the Settlement Agreement failed to predict the current needs of this case. She wrote: "I do not want to back you into a corner at all. When we completed our settlement agreement I think we were both under the impression that rulings on all the outstanding discovery issues were imminent, so I don't think either of us foresaw this chain of events (or the additional briefing as to Semple)." ECF 232-1, 10/3/24 email.

New counsel – now the fourth lawyer for the defendants – entered this case, where Defendant Semple has already paid a princely sum for hiding documents and blocking production, and now tries to argue that this Settlement Agreement prevents any further fact finding.  The Court should disregard this argument as a further attempt by Defendant Semple to cover up the deliberately indifferent health care that killed William Bennett.

Plaintiff has shown good cause to open discovery. ECF 239 at 3. Plaintiff only in 2024 obtained access documents DOC hid under a misstatement of privilege. ECF 219. Plaintiff overturned this privilege assignment (ECF 210), and this newly-discovered evidence demonstrates that DOC had a drastically different position on Mr. Bennett's medical care than previous testimony and evidence provided by the DOC. ECF 219-1, ECF 219-2.

Defendant cannot fault Plaintiff for the five year delay. ECF 239 at 4. Plaintiff did not occasion this delay. Plaintiff has tried to prosecute this case judiciously, and filed the motion for status conference (ECF 201, 12/22/22) that led to the status conference that

4

led to the discovery rulings. (ECF 202, 9/29/23; ECF 204, 10/24/23). The Defendant seems to indicate that the responsibility lies with Plaintiff to pace this case faster than the Court moves.

Defendant's claim that Plaintiff should have deposed APRN Bombard and Dr. Maurer long ago presents a fallacy. Plaintiff did not know APRN Bombard's emails, obscured by an incorrect privilege designation related to the CJI report, contained salient information to this case.

In *World v. CMHC et al*, 16-cv-519-JCH, Plaintiff's undersigned moved to depose APRN Bombard, and the Court restricted Bombard's testimony and prevented Plaintiff's undersigned from inquiring about materials within the CJI report. See *World*, ECF 87 (minutes of telephonic status conference from 3/15/18). Defendants in this case filed this transcript here at ECF 126-7 (8/10/20) in attempting to shield certain documents from disclosure because of privilege. They lost that fight here.

Defendant notes that Plaintiff knew Bombard and Maurer were involved in identifying sentinel cases (ECF 239 at 6), but Defendant ignores what would have happened if Plaintiff tried to depose APRN Bombard during this privilege fight in this case. Plaintiff would have lost and any information Bombard had about this case would have been blocked as in *World*, since Defendant's counsel had put that very ruling in *World* on the record in this docket.

Now that Plaintiff has won the ruling at ECF 210 (5/9/24) ordering production, Plaintiff should now have the right to take the testimony of Bombard and Maurer.

Defendant claims repeatedly Plaintiff has provided no reason for the inability to take this testimony (ECF 239 at 6), but the misbegotten privilege claims suffice.

Defendant Semple pleas that he would be prejudiced by this new discovery (ECF 239 at 7) should fall flat. Plaintiff was not lying in wait as Defendant suggests, Plaintiff only obtained the new discovery in June 2024. Two or three months to think about the implications of this wrongly suppressed evidence is not unusual, and it is hardly sandbagging. (ECF 239 at 7). Defendant Semple's arguments against summary judgment here contain no mystery.

The equities should run in Plaintiff's favor in this situation. If Defendant Semple did not engage in $22,000 worth of discovery misconduct, and turned over these documents in due course without misidentifying privilege, Plaintiff could have taken these depositions long ago.

WHEREFORE, the Plaintiff asks the Court to re-open discovery in light of the newly-discovered evidence.

Dated: OCTOBER 29, 2024

                                        Respectfully submitted,
                                        PLAINTIFF
                                        JEANNE IMPERATI

                                        _____/s/_____
                                        Kenneth J. Krayeske, Esq.
                                        BBB Attorneys
                                        3651 Main Street, Suite 200
                                        Stratford, CT 06604
                                        Cell: 475-284-2138
                                        Office: (203) 562-0900
                                        FAX: (203) 562-8902
                                        kkrayeske@bbbattorneys.com
                                        Federal Bar # 28498